UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-23-56-R |
| | ) | (CIV-25-704-R) |
| DARION HOLMES, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant Holmes initiated this action by filing a "Notice of 2241 Motion" in the United States District Court for the Eastern District of Pennsylvania. The filing requests that his conviction be vacated because it violates the Second Amendment and a recent executive order. The Eastern District of Pennsylvania construed the filing as a motion under 28 U.S.C. § 2255 and transferred to the action to this Court pursuant to 28 U.S.C. § 2255(a).

A petition brought under 28 U.S.C. § 2241 typically "attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011). Mr. Holmes is not confined in the Western District of Oklahoma and this Court therefore lacks jurisdiction to consider the motion under § 2241. However, based on the arguments in Mr. Holmes' filing, the Court intends to construe his filing as a petition seeking habeas relief under 28 U.S.C. § 2255. A petition under § 2255 "attacks the legality of detention…and must be filed in the district that imposed the sentence." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th

Cir. 1996) (internal citations omitted). Before the Court recharacterizes the motion as one seeking relief under § 2255, the Court apprises Mr. Holmes of the following:

> any subsequent § 2255 motions will be subject to restrictions on second or successive motions. In particular, pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, a defendant may not file a second or successive motion pursuant to § 2255 unless he first applies to the appropriate court of appeals for an order authorizing the district court to consider the motion. *See* 28 U.S.C. §§ 2244(b)(3), 2255(h). A second or successive motion under § 2255 may be filed in the district court only after the court of appeals certifies that the motion is based on "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

*United States v. Cole*, No. 18-CR-150-JED, 2022 WL 1597831, at *2 (N.D. Okla. May 19, 2022).

On or before July 28, 2025, Mr. Holmes shall file a notice indicating whether he agrees to have his filing [Doc. No. 66] construed as a motion under 28 U.S.C. § 2255 or chooses to withdraw it. If a response is not received by July 28, 2025, the Court will consider the motion withdrawn.

IT IS SO ORDERED this 30th day of June, 2025.

*[signature: David L. Russell]*

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE