UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. CR-23-56-R |
| | ) (CIV-25-704-R) |
| DARION HOLMES, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Before the Court is Defendant Holmes' pro se[1] Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence.[2] Mr. Holmes asserts five grounds for relief, which are premised on arguments that he received ineffective assistance of counsel in violation of the Sixth Amendment and that his conviction for being a felon in possession of a firearm violates his rights under the Second Amendment. For the reasons explained below, the Court finds that no hearing is needed and the Motion should be denied on the existing record.

---

[1] Because Petitioner is proceeding pro se, the Court affords his materials a liberal construction but does not act as his advocate. *Merryfield v. Jordan,* 584 F.3d 923, 924 n.1 (10th Cir. 2009).

[2] Defendant initiated this action by filing a "Notice of 2241 Motion" [Doc. No. 66] in the United States District Court for the Eastern District of Pennsylvania. That Court construed the motion as seeking relief under 28 U.S.C. § 2255 and transferred the action to this Court. The Court informed Defendant that it intended to construe his filing as a motion under § 2255 and gave him an opportunity to withdraw it [Doc. No. 67]. Defendant then filed his current motion [Doc. No. 68], a brief in support [Doc. No. 70], and an affidavit [Doc. No. 69] that raised additional grounds for relief. The Court has considered all of Defendant's filings and the government's response brief [Doc. No. 82].

**RELEVANT BACKGROUND**

Mr. Holmes entered a plea of guilty pursuant to a plea agreement to single count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The plea agreement [Doc. No. 27] provided that in exchange for pleading guilty, the government would not further prosecute Mr. Holmes for any crimes related to his possession of firearms from November 17, 2022 through November 30, 2022. Doc. No. 27 ¶ 20. The plea agreement also states that the sentence is within the sole discretion of the Court, the defendant has discussed the terms of the agreement with his attorney, he understands the terms, and there are no other agreements that modify the terms. *Id.* ¶¶ 21-22. In his Petition to Enter Plea of Guilty [Doc. No. 26], Mr. Holmes further indicated, under penalty of perjury, that his plea was made voluntarily, he discussed the plea agreement with his attorney and understood it, no promises other than those set out in the plea agreement had been made, no attorney promised he would receive any form of leniency if he entered a guilty plea, the sentence is solely a matter for the judge to decide, and the judge may impose a sentence above the guidelines range.

Prior to sentencing, Mr. Holmes' counsel lodged six objections to the presentence report. He also submitted a lengthy brief in support of the objections and requested a downward variance. *See* Doc. Nos. 36, 41. Counsel advocated in support of these arguments at the sentencing hearing, which resulted in the Court sustaining some of the objections. *See* Sentencing Tr. at p. 18-21. After considering all the relevant sentencing factors and the parties' arguments, the Court determined that an upward variance was appropriate and sentenced Mr. Holmes to a 96-month term of imprisonment.

Mr. Holmes filed an appeal challenging the substantive reasonableness of his sentence, and the Tenth Circuit affirmed. *United States v. Holmes*, No. 23-6213, 2024 WL 3738442 (10th Cir. Aug. 9, 2024).

## STANDARD

Under 28 U.S.C. § 2255, a prisoner in federal custody may challenge his sentence on the basis that "the sentence was imposed in violation of the Constitution or laws of the United States...or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The movant is entitled to an evidentiary hearing on his claim, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Id*. at § 2255(b). When ineffective assistance of counsel is the basis of a § 2255 claim, the defendant must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under this test, a defendant must show both that his "counsel's performance was deficient" and that "the deficient performance prejudiced the defense." *Id*.

A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney. *Id*. at 687–88. In evaluating counsel's performance, courts should make "every effort…to eliminate the distorting effects of hindsight" and "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689.

To establish the second prong, a defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id*. The likelihood of a different result "must be

3

substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011). In the context of a guilty plea, prejudice requires showing that "there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Importantly, this involves an objective component: "proof of prejudice requires a petitioner to show that 'a decision to reject the plea bargain would have been *rational* under the circumstances.'" *Heard v. Addison*, 728 F.3d 1170, 1184 (10th Cir. 2013) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010)) (emphasis in *Padilla*). Further, in the absence of other evidence, courts should "remain suspicious of bald, post hoc and unsupported statements that a defendant would have changed his plea absent counsel's errors." *Id.* at 1184.

If a defendant cannot show either "deficient performance" or "sufficient prejudice," his claim of ineffective assistance fails. *Strickland*, 466 U.S. at 700.

## DISCUSSION

### I. Ground One

In his first ground for relief, Mr. Holmes contends that he only entered a guilty plea because his trial counsel promised him a sentence of 63-78 months and counsel did not explain that he did not have the authority to make this promise. In support of this argument, Defendant has submitted a signed document averring that his counsel promised a sentence within the guidelines range and counsel "coached me to agree to what was in his best interest." The government has submitted an affidavit from defense counsel stating that he did not make any promise regarding Mr. Holmes' sentence.

4

Mr. Holmes' claim fails for two reasons. First, "[a] miscalculation or erroneous sentence estimation by defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel." *United States v. Gordon*, 4 F.3d 1567, 1570 (10th Cir. 1993).

Second, Mr. Holmes' contention that his counsel promised a specific sentence range is directly refuted by the statements made in his plea documents. As outlined above, Mr. Holmes repeatedly confirmed that he understood that the sentence is solely a matter for the judge and that no promises other than those set out in the plea agreement had been made. His conclusory, post-hoc assertion that there was an undisclosed promise are "completely and conclusively refuted" by the representations made in connection with his plea and he has not offered any "believable, valid reason" to disregard these statements. *Hedman v. United States,* 527 F.2d 20, 22 (10th Cir. 1975). *See also Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977) ("Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."); *United States v. Hill*, 635 F. App'x 536, 548 (10th Cir. 2015) (unpublished) ("Hill repeatedly acknowledged accepting the plea agreement's terms knowingly and voluntarily, and he cannot now casually brush aside his many representations to the district court."); *United States v. Farias*, 268 F. App'x 730, 732 (10th Cir. 2008) (unpublished) ("When measured against these specific statements in the plea agreement, Farias's conclusory allegations of ineffective assistance were clearly insufficient.").

Ground One is therefore denied.

5

## II.     Ground Two

In ground two, Mr. Holmes argues that his counsel provided ineffective assistance by failing to request a hearing, object to errors in the presentence report, or object to an upward variance in the sentence. Contrary to Mr. Holmes's description, counsel raised several objections to the presentence report, moved for a downward variance, and zealously advocated for Mr. Holmes at the sentencing hearing. Further, counsel did not perform deficiently by failing to raise the issue of prior notice of an upward variance because "the court is not obligated to give advance notice that it is considering a variance based on the 18 U.S.C. § 3553(a) factors[.]" *United States v. Lymon*, 905 F.3d 1149, 1155 n.4 (10th Cir. 2018). Mr. Holmes has not shown that counsel's performance was deficient in any of these respects or that he was prejudiced by any purported error.

Ground two is therefore denied.

## III.    Ground Three

In ground three, Mr. Holmes argues that Executive Order 14206 restores his Second Amendment rights and requires his conviction to be vacated. This Executive Order "simply tells the Attorney General to look over federal actions from 2021 to 2025 that might have affected Second Amendment rights and come up with a plan to address them." *Ford v. United States*, No. 4:25-CV-00098-DN, 2025 WL 2661515, at *3 (D. Utah Sept. 17, 2025). By its own terms, the Executive Order "does not[] create any right or benefit" and it has no impact on Mr. Holmes' conviction or sentence. *See* Exec. Order No. 14206, 90 Fed. Reg. 9503 (Feb. 12, 2025).

Ground three is therefore denied.

### IV. Grounds Four and Five

In his final grounds for relief, Mr. Holmes argues that his trial and appellate counsel provided ineffective assistance by failing to raise an as-applied challenge to the constitutionality of 18 U.S.C. § 922(g)(1) based on *N.Y. State Rifle & Pistol Assn. v. Bruen*, 142 S.Ct. 2111 (2022), and its progeny because his prior convictions were all non-violent felonies.

The government contends that the claim against trial counsel is barred by a provision of the plea agreement that waives the right to collaterally challenge the conviction and sentence, "except with respect to claims of ineffective assistance of counsel." Doc. No. 27 ¶ 15. Although Mr. Holmes' arguments are mainly couched as ineffective assistance of counsel claims, the government argues that he is also attempting to collaterally challenge the factual basis of his conviction.

A knowing and voluntary waiver of § 2255 rights in a plea agreement is generally enforceable against a defendant. *United States v. Cockerham*, 237 F.3d 1179, 1181 (10th Cir. 2001). But the waiver will be "upheld only if (1) the issue before us falls within the scope of the waiver, (2) the defendant knowingly and voluntarily waived his appellate rights, and (3) enforcing the waiver will not result in a miscarriage of justice." *United States v. Barger*, 784 F. App'x 605, 607 (10th Cir. 2019). To the extent Mr. Holmes' is attempting to assert a free-standing challenge to his conviction under § 922(g)(1), the Court agrees that the claim falls within the scope of the waiver. Defendant agreed to waive his right to collaterally attack his conviction under § 2255 (except on the issue of counsel's ineffective assistance) and there is no evidence suggesting that agreement was not made knowingly

and voluntarily. Further, Defendant has not presented any argument that might support a finding that enforcement of the waiver would result in a miscarriage of justice. *See United States v. Hahn,* 359 F.3d 1315, 1327 (10th Cir. 2004).

In any event, the claims asserted against trial and appellate counsel, even if outside the scope of the waiver, fail on the merits. The Tenth Circuit has previously rejected a similar challenge to the constitutionally of § 922(g)(1). *Vincent v. Bondi*, 127 F.4th 1263, 1266 (10th Cir. 2025). Mr. Holmes cannot show deficient performance or prejudice based on counsel's failure to raise a meritless argument as to the constitutionality of § 922(g)(1). *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (recognizing that a defendant is typically not prejudiced when his attorney fails to advise him of a defense that would not succeed at trial); *Sperry v. McKune*, 445 F.3d 1268, 1275 (10th Cir. 2006) (explaining that trial counsel was not ineffective for failing to raise a meritless argument). Grounds four and five are therefore denied.

## CONCLUSION

Accordingly, Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence is DENIED. Defendant's Motion Requesting Copies of Documents and Communications between the Government and Former Counsel Gary W. Wood [Doc. No. 77] is also DENIED. This motion seeks copies of the "evidence and Affidavit" that were provided to the government by Mr. Wood. Mr. Wood's affidavit is an exhibit to the government's response in opposition and Mr. Holmes has not shown that any further discovery or production is warranted. Further, because the record conclusively shows that the prisoner is entitled to no relief, an evidentiary hearing is not warranted.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant for habeas relief. A certificate of appealability may issue only if the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the district court rejects the claim on the merits, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court finds this standard is not met in this case and a COA is therefore denied.

IT IS SO ORDERED this 20th day of February, 2026.

*[Signature]*

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE